(49 Misc. Rep. 440.)

MORRIS v. BAKER et al., Municipal Civil Service Com'rs.*

(Supreme Court, Special Term, New York County. February, 1906.)

MUNICIPAL CORPORATIONS—CIVIL SERVICE COMMISSION—POLICEMEN—PROMO-
TION.

Under Greater New York Charter, Laws 1897, p. 99, c. 378, § 288, the
municipal service commission has the power to pass a resolution providing
that, in computing the relative weight of the subjects of rating in pro-
motion examination, comparative conduct and efficiency in the grade from
which the promotion is sought shall count a certain percentage, ·and to
adopt a resolution thereafter that in fixing the relative ratings only such
commendations and honorable mentions shall be considered as have been
awarded as a result of personal bravery, and it cannot be compelled by
mandamus to revise the marking of policemen so as to include credit for
a certain act of meritorious service of a policeman not involving personal
bravery.

Motion by William J. Morris for a writ of mandamus against Wil-
liam F. Baker and others, municipal service commissioners. Motion
denied.

Weed, Henry & Meyers (Richmond Weed, of counsel), for petitioner.
John J. Delaney, Corporation Counsel (William B. Crowell, of coun-
sel), for respondents.

BLANCHARD, J.   This is a motion for a peremptory writ of man-
damus against the respondents, as commissioners composing the munici-
pal civil service commission of New York city, directing them to revise
and rerate the marking of petitioner in an examination for promotion
in the police department from roundsman to sergeant, and to include
in the revised marking credit for a certain act of meritorious police
service.· Pursuant to the action of the board of honor in the police
department the petitioner was commended for meritorious service in
assisting in the recovery of bodies and in the care of the dead and injured
upon the occasion of the Slocum disaster.   Rule 15 of the rules of
municipal civil service commission provides that, in computing the
relative weight of subjects of rating in promotion examinations, "com-
parative conduct and efficiency in previous service" in the "position or
grade from which promotion is sought" shall count 40, and, further,
directs that, in order to provide such data, efficiency records shall be
kept in the department.   Subsequent to the promulgation of this rule,
and before the examination of the petitioner in question, the municipal
civil service commission adopted the resolution "that in fixing the
relative ratings on the record of candidates in promotion examinations
in the police and fire departments only such commendations and
honorable mentions shall be considered as shall have been awarded as a
result of individual acts of personal bravery."   The municipal civil
service commission seems to have been quite within its powers in pass-
ing and enforcing the resolution above mentioned, for the purpose of
defining what particular forms of meritorious service recorded in the
efficiency record of any candidate should be considered in a competitive
examination.   This discretionary power seems plainly to be recognized
in section 288 of the Greater New York Charter, Laws 1897, p. 99, c.

*Affirmed in 97 N. Y. Supp. 1144.

378. Since the meritorious service of the petitioner was admittedly not an individual act of personal bravery, the municipal civil service commission was quite justified in excluding credit therefor in its rating upon his examination.

Motion denied, with $10 costs.